UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL RUIZ,

                Plaintiff,

          -against-

PARKCHESTER PUBLIC SAFETY
DEPARTMENT; JOHN DOE; JOHN DOE;
JOHN DOE,

                Defendants.

1:23-CV-7423 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Angel Ruiz, who is appearing *pro se*, filed this action and purports, in his complaint, to invoke the court's diversity jurisdiction. In the same complaint, he asserts that the bases for the court's federal question jurisdiction of this action are: "my rights for being gay and disable[d], and also my rights as an immigrant." (ECF 1, at 2.) Plaintiff names as defendants the Parkchester Public Safety Department ("PPSD") and three unidentified "John Doe" PPSD officers. He seeks $10 million in damages. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under state law.

By order dated August 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the events that are the bases for his claims occurred on January 13, 2021, at the Parkchester Apartments, in the Bronx, New York. He seems to allege that, on that date, he got into a verbal, and then physical, altercation with the manager of a C-Town

supermarket located at the Parkchester Apartments. He also alleges that when he went to the

PPSD office to report the incident, three PPSD officers failed to take his report or investigate the

incident. Plaintiff further seems to allege that he also reported the incident to the New York State

Division of Human Rights, which "subpoena[ed] . . . footage from . . . [security] cameras[,] . . .

[but the PPSD] denied the request and denied the [footage from] the body cameras from the three

officers and [the footage from] the camera across the street from the supermarket." (ECF 1, at 5-

6.) He states that the PPSD officers "never d[id] an investigation and never report[ed] [the

incident] to the police or" to the Federal Bureau of Investigation (FBI). (*Id.* at 6.)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a litigant must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487

U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that

the defendant . . . exercise[] power possessed by virtue of state law and made possible only

because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation

marks and citation omitted). "Because the United States Constitution regulates only the

Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant

claiming that his constitutional rights have been violated must first establish that the challenged

conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d

Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state

actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d

399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)). A private security officer can be considered to be a state actor, however, if

he or she has been deputized with police powers by the state or a municipality. *See Rojas v.*

*Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) (private security officer who was deputized by the City of New York as a Special Police Officer, but employed in a private department store, was considered to be a state actor for the purpose of Section 1983).

The Court understands that the PPSD is a private entity, but that its officers are deputized as New York City Special Patrolmen.[1] Accordingly, it appears that the unidentified "John Doe" defendants, whom Plaintiff alleges are all PPSD officers, are considered to be state actors for the purpose of Section 1983. *See id.* Because it appears that Plaintiff asserts claims of violations of his federal constitutional rights by these officers and, possibly, by the PPSD itself, the Court construes Plaintiff's complaint as asserting claims under Section 1983, as well as claims under state law.

**A.     Claims under Section 1983**

The Court construes Plaintiff's complaint as asserting claims, under Section 1983, arising from the "John Doe" defendants' failure, once Plaintiff had informed them of his incident with the supermarket manager, to investigate that incident or protect Plaintiff from further harm. The Court must, however, dismiss these claims because state actors generally have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194-96 (2d Cir. 1994); *see also Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'" (citation omitted)); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure

---

[1] https://www.parkchesterpolice.org/about (PPSD's "about us" website section).

to investigate is not independently cognizable as a stand-alone claim under Section 1983." (internal quotation marks and citation omitted)).

There are two recognized exceptions to this general rule: (1) "when [a state actor] takes a person into [his/her] custody and holds him there against his will, the Constitution imposes upon [the state actor] a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a state actor affirmatively creates or increases a danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that the state actor's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

To the extent that Plaintiff asserts that the "John Doe" defendants failed to investigate Plaintiff's incident with the supermarket manager or protect Plaintiff from further harm, he does not allege any facts suggesting that either of these two exceptions is applicable here. The Court therefore dismisses Plaintiff's claims under Section 1983 against the "John Doe" defendants, arising from their alleged failure to investigate Plaintiff's incident with the supermarket manager or protect Plaintiff from further harm, for failure to state a claim on which relief may granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] "Private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official . . . policy of some nature caused a constitutional tort.'" *Rojas*, 924 F.2d at 408 (citations omitted). If there is no underlying constitutional violation, however, the Court need not examine whether such an entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Because there is no constitutional right to an investigation or protection from further harm in this context, to the extent that Plaintiff assets claims under Section 1983 against the PPSD, arising from its officers' failure to carry out such an investigation or provide such protection, Plaintiff fails to state a claim under Section 1983 against the PPSD itself. The Court therefore also dismisses Plaintiff's claims under Section 1983 against the PPSD for failure to state a claim on which relief may be granted. *See* § 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Petitioner may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons discussed above. The Court dismisses Plaintiff's clams under 42 U.S.C. § 1983 for failure to state a claim on which relief may be

granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   October 20, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
